O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO LARA, ANA LARA, | ) Case No. CV 12-08469 DDP (JCGx) |
| Plaintiffs, | ) |
| v. | ) **ORDER DENYING DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING IN PART** |
| COUNTY OF LOS ANGELES; LEE BACA IN HIS OFFICIAL CAPACITY AS SHERIFF OF LOS ANGELES COUNTY; LEE BACA IN HIS INDIVIDUAL CAPACITY; DEFENDANT DOE DEPUTY "LOPEZ" AND DOE DEFENDANTS, | ) [Dkt. No. 16] |
| Defendants. | ) |

Presently before the court is Defendants County of Los Angeles and Lee Baca ("Baca")'s Motion to Dismiss. Having considered the submissions of the parties, the court denies the motion in part, grants the motion in part, and adopts the following order.

**I. Background**

In February 2012, Plaintiff Ricardo Lara ("Lara") was incarcerated at Pitchess Honor Ranch, a Los Angeles County detention facility. (Complaint ¶ 16.) On February 7, Sheriff's

Department deputies instructed another inmate to force Plaintiff to perform more than five hundred repetitions of a strenuous physical exercise. (Id. ¶¶ 19-21.) Deputies communicated to Lara, both directly and through other inmates, that Lara would suffer additional punishment if he did not perform the exercises. (Id. ¶¶ 19-20.) The exercises rendered Lara unable to stand or walk, and he began to urinate blood. (Id. 22-24.) Under threat from other inmates, and at deputies' behest, Lara was not allowed to lie down or sleep at night. (Id. ¶ 26.) The following day, Lara was forced to crawl onto a bus on his hands for transport to work at a laundry facility. (Id. ¶ 26.) Deputies did not summon medical aid. (Id. ¶ 27.)

Lara did not receive medical attention until the morning of February 9, and was hospitalized that evening. (Id. ¶¶ 32, 33.) Lara underwent several surgeries and remained on bed rest until February 29, when he was discharged to a jail medical ward, where he recuperated for several months. (Id. ¶¶ 34-35.)

On October 3, 2012, Lara and his wife filed the instant civil rights action, alleging numerous violations of 42 U.S.C. § 1083 and state law against the County, Sheriff Lee Baca, and unnamed Doe deputies.

Defendants Baca and the County now move to dismiss the Complaint.[1]

///
///

---

[1] Though this Motion to Dismiss is ostensibly brought on behalf of both Defendant Baca and the County, the motion only seeks dismissal of claims against Baca.

2

## II. Legal Standard

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.   Sufficiency of the Pleadings

    Defendants argue that the Fourth Cause of Action, brought against Baca in his individual capacity, should be dismissed for failure to state a cause of action. A supervisor may be individually liable if he is personally involved in a constitutional injury or where there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). Knowing refusal to terminate the acts of subordinates, inaction in training or control of subordinates, acquiescence in constitutional violations, or reckless or callous indifference to constitutional rights may constitute sufficient causal connection to a violation to confer individual liability upon a supervisor. Id.

    In Starr, the Ninth Circuit found supervisory liability allegations against Sheriff Baca sufficient where the plaintiff's complaint alleged several incidents of deputy-on-inmate violence and inmate-on-inmate violence in Los Angeles County jails, that Sheriff Baca received notice of the incidents, and that Sheriff Baca acquiesced in the unconstitutional actions of his subordinates. Id. at 1216.

    Here, the Complaint makes allegations similar to those in Starr, albeit with less detail. Indeed, many of the allegations here appear to paraphrase the allegations in Starr. For example, the Complaint alleges that Merrick Bobb, Special Counsel to the County Board of Supervisors, informed Baca in 2003 that deputies in the jails were undertrained, and that this deficiency posed a

danger. (Complaint ¶ 47.)  See Starr, 652 F.3d at 1211.  The Complaint further alleges that high ranking Sheriff's Department officials informed Baca of the existence of deputy gangs and excessive force as early as 2006.  (Compl. ¶¶ 48, 52.)  The Complaint also alleges that Baca publicly admitted to knowledge of "indiscriminate and rampant use of force" prior to Lara's incarceration.  (Compl. ¶ 38.)  Like the plaintiff in Starr, Lara alleges here that Baca received numerous reports of inmate abuse from the Office of Independent Review and the American Civil Liberties Union.  (Id. ¶¶ 50-52.)  See Starr, 652 F.3d at 1211. The Complaint further alleges that, despite his knowledge of incidents of jail violence, derived from the sources listed above, Baca did not take any steps to address those dangers.  (Compl. ¶¶ 54-55.)  While the allegations here are not as specific or detailed as those in Starr, neither are they bare assertions insufficient to suggest an entitlement to relief.  Lara's supervisory liability allegations are therefore sufficient to survive this motion to dismiss.

     B.   Redundancy of Official Capacity Claim

     Defendants also contend that Plaintiffs' Third Cause of Action against Baca in his official capacity is duplicative of the claim against the County. (Mot. at 8.)  Official capacity claims, such as that brought by Plaintiffs, are generally an alternative way of pleading an action against the local government entity of which the named officer is an agent.  See Monell v. Dep't. of Social Servs., 436 U.S. 658, 690 n. 55 (1978); Chew v. Gates, 27 F.3d 1432, 1446 n. 15 (9th Cir. 1994).  As such, judgments against public servants

in their official capacities impose liability on local entities. Brandon v. Holt, 469 U.S. 464, 471-472 (1985).[2]

Where plaintiffs sue both a local government entity and agents of that entity in their official capacities, courts may dismiss the official capacity claims as duplicative. See, e.g. Luke v. Abbott, 954 F.Supp. 202, 204 (C.D. Cal. 1997); Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996); c.f. Clements v. Airport Authority of Washoe County, 69 F.3d 321, 337 n.20 (9th Cir. 1995). Because Plaintiffs' claim against Baca in his official capacity is duplicative of the claim against the County, Plaintiffs' Third Cause of Action is dismissed as to Defendant Baca in his official capacity.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. The Third Cause of Action against Defendant Baca in his official capacity is DISMISSED.


IT IS SO ORDERED.


Dated: January 8, 2013

DEAN D. PREGERSON
United States District Judge

---

[2] Courts are divided on the question whether a Plaintiff may choose to name either an individual in an official capacity or the local entity itself. Compare Bell v. Baca, 2002 WL 368532 *2 (C.D. Cal. 2002) (declining to substitute local entity as defendant in lieu of official capacity defendant) with Luke v. Abbott, 954 F.Supp. 202, 204 (C.D. Cal. 1997) (dismissing officer sued in his official capacity and substituting local entity as defendant).