**RICKEY IVIE (S.B.N: 76864)**
*rivie@imwlaw.com*
**DAVIDA M. FRIEMAN (S.B.N: 232096)**
*dfrieman@imwlaw.com*
**IVIE, McNEILL & WYATT**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028; Fax (213) 489-0552

Attorneys for Defendants,
COUNTY OF LOS ANGELES, et al.

**Public Entity**
**Exempt from Filing Fee**

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO LARA, ANA LARA,<br><br>*Plaintiffs,*<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LEE BACA IN HIS OFFICIAL CAPACITY AS SHERIFF OF LOS ANGELES COUNTY; LEE BACA IN HIS INDIVIDUAL CAPACITY; DEFENDANT DOE DEPUTY "LOPEZ" AND DOE DEFENDANTS 2-30, Inclusive,<br><br>*Defendants.* | CASE NO.: CV12-08469 DDP(SHx)<br><br>NOTICE OF CASE RELATED TO *Alex Rosas, et al. v. Leroy Baca,* CV 12-00428 DDP (SHx)<br><br>**JUDGMENT**<br><br>Pretrial Conf.: **February 5, 2015**<br>Trial Date: **February 10, 2015** |

This case came on regularly for trial on February 10, 2015 to February 19, 2015 in Courtroom 3 of this Court, the Honorable Dean D. Pregerson presiding; the Plaintiffs appearing by Attorneys Hermez Moreno and Brian Bush from Boucher L.L.P. and Michael Alder, from Alderlaw P.C. and Defendants appearing

- 1 –
[Proposed] Judgment

by Attorneys Rickey Ivie and Davida M. Frieman from **IVIE, MCNEILL & WYATT**.

A jury of 9 persons was regularly impaneled and placed under oath. Witnesses were placed under oath and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the case was submitted to the jury with directions to return a verdict. The jury deliberated and thereafter returned into court with its verdict consisting of the issues submitted to the jury and the answers given thereto by the jury, which said verdict was in words and figures as follows, to wit:

We the Jury answer the questions submitted to us as follows:

COUNTY DEFENDANT (MUNICIPAL LIABILITY CLAIM)

**QUESTION NO. 1**: Did the Plaintiff prove by a preponderance of the evidence that one or more Los Angeles County Sheriffs' Department custodial officers violated Plaintiff Ricardo Lara's Eighth Amendment Rights against cruel and unusual punishment by directing another inmate to force Plaintiff to perform exercises known as "fichas" or "burpees"?

YES ___        NO  X

*Answer Question No. 2 only if you answered "YES" to Question No. 1.*
*If you answered "NO" to Question No. 1, skip to Question No. 4*

**QUESTION NO. 2**: Did the Plaintiff prove by a preponderance of the evidence that the Los Angeles County Sheriffs' Department custodial officers violated Plaintiff Ricardo Lara's Eighth Amendment Rights against cruel and

- 2 –
[Proposed] Judgment

unusual punishment pursuant to a longstanding practice or custom of Defendant County of Los Angeles Sheriff's Department?

YES ___    NO ___

*Answer Question No. 3 only if you answered "YES" to Question No. 2.*
*If you answered "NO" to Question No. 2, skip to Question No. 4*

**QUESTION NO. 3**: Did the Plaintiff prove by a preponderance of the evidence that the longstanding practice or custom of Defendant County of Los Angeles' Sheriff's Department was a moving force behind the injuries to Plaintiff?

YES ___    NO ___

DEPUTY DEFENDANT (EIGHTH AMENDMENT EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT CLAIM)

**QUESTION NO. 4**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil directed another inmate to force Plaintiff to perform exercises known as "fichas" or "burpees"?

YES ___    NO  X 

*Answer Question No. 5 only if you answered "YES" to Question No. 4.*
*If you answered "NO" to Question No. 4, skip to Question No. 7*

- 3 –
[Proposed] Judgment

**QUESTION NO. 5**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil's conduct violated Plaintiff Ricardo Lara's Eighth Amendment Right to be free from cruel and unusual punishment?

YES ___        NO ___

*Answer Question No. 6 only if you answered "YES" to Question No. 5.*
*If you answered "NO" to Question No. 5, skip to Question No. 7*

**QUESTION NO. 6**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil's conduct was a moving force that caused the injuries to Plaintiff Ricardo Lara?

YES ___        NO ___

DEPUTY DEFENDANT (NEGLIGENCE)

**QUESTION NO. 7**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil was negligent by allowing another inmate to force Plaintiff to perform exercises known as "fichas" or "burpees"?

YES ___        NO X

*Answer Question No. 8 only if you answered "YES" to Question No. 7.*
*If you answered "NO" to Question No. 7, skip to Question No. 9*

**QUESTION NO. 8**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil's negligence in relation to the act of

- 4 –
[Proposed] Judgment

allowing another inmate to force Plaintiff to perform exercises known as "fichas" or "burpees" was a substantial factor in causing injury to Plaintiff Ricardo Lara?

YES ___        NO ___

<u>DEPUTY DEFENDANT (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)</u>

*Answer Question No. 9 only if you answered "YES" to Question No. 4.*

**QUESTION NO. 9**: Was Defendant Nicholas Lopez-Gil's conduct in directing another inmate to force Plaintiff to perform exercises known as "fichas" or "burpees" outrageous conduct?

YES ___        NO ___

*Answer Question No. 10 only if you answered "YES" to Question No. 9.*
*If you answered "NO" to Question No. 9, skip to Question No. 13*

**QUESTION NO. 10**: Did Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil intended to cause Plaintiff Ricardo Lara emotional distress?

YES ___        NO ___

*Answer Question No. 11 only if you answered "YES" to Question No. 10.*
*If you answered "NO" to Question No. 10 skip to Question No. 13*

- 5 –
[Proposed] Judgment

**QUESTION NO. 11**: Did Plaintiff Ricardo Lara suffer severe emotional distress?

YES ___      NO ___

*Answer Question No. 12 only if you answered "YES" to Question No. 11.*
*If you answered "NO" to Question No. 11, skip to Question No. 13*

**QUESTION NO. 12**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil's conduct was a substantial factor in causing Plaintiff Ricardo Lara's severe emotional distress?

YES ___      NO ___

DEPUTY DEFENDANT (INTERFERENCE WITH MARITAL RELATIONS)

*Answer Question No. 13 only if you answered "YES" to Question No. 4.*

**QUESTION NO. 13**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil violated Plaintiff Ana Lara's Fourteenth Amendment Right to be free from government interference in her marriage with Ricardo Lara by directing another inmate to force Plaintiff to perform exercises known as "fichas" or "burpees"?

YES ___      NO ___

- 6 –
[Proposed] Judgment

*Answer Question No. 14 only if you answered "YES" to Question No. 13. If you answered "NO" to Question No. 13, Skip to Question No. 16*

**QUESTION NO. 14**: Did Defendant Nicholas Lopez-Gil's conduct shock the conscience?

YES ___  NO ___

*Answer Question No. 15 only if you answered "YES" to Question No. 14. If you answered "NO" to Question No. 14, skip to Question No. 15*

**QUESTION NO. 15**: Did the Plaintiff prove by a preponderance of the evidence that Defendant Nicholas Lopez-Gil's conduct was a moving force that caused the injuries to Plaintiff Ana Lara?

YES ___  NO ___

DAMAGES

*Only answer the following questions if you answered "YES" as to any Defendant on any or all of the following questions: 3, 6, 8, 12, 15. Otherwise, please answer no further questions and have the foreperson sign and date this form.*

**QUESTION NO. 16**: What is the amount of damages, if any, that Plaintiff Ricardo Lara Incurred as a result of Defendant(s)' conduct?

Past Non-Economic     _____

- 7 –
[Proposed] Judgment

      Future Non-Economic      _____

*Only answer Question No. 17 if you answered "YES" to Question No. 15. Otherwise, please skip to question 18.*

**QUESTION NO. 17**: What is the amount of damages, if any, that Plaintiff Ana Lara Incurred as a result of Defendant(s)' conduct?

      Past Loss of Consortium      _____
      Future Loss of Consortium      _____

<u>PUNITIVE</u>

*Only answer the following questions if you answered "YES" as to any Defendant on any or all of the following questions: 3, 6, 8, 12, 15. Otherwise, please answer no further questions and have the foreperson sign and date this form.*

**QUESTION NO. 18**: Did you find that the conduct of any of the following defendant(s) was malicious, oppressive, or in reckless disregard of Plaintiff's civil rights?

      Defendant Nicholas Lopez-Gil    _____

It appearing by reason of said verdict that:
Defendants COUNTY OF LOS ANGELES and DEPUTY NICHOLAS LOPEZ-GIL, are entitled to judgment against Plaintiffs RICARDO LARA and ANA LARA.

- 8 –
[Proposed] Judgment

1  Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED** that said
2  Plaintiffs RICARDO LARA and ANA LARA shall recover nothing by reason of
3  the Complaint from Defendants COUNTY OF LOS ANGELES and NICHOLAS
4  LOPEZ-GIL.  Each party shall bear its own costs.

Dated: July 22, 2015

Honorable Dean D. Pregerson
United States District Judge